**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Norberto Lopez Meza,<br>Petitioner<br>v.<br>Todd Blanche, et al.,<br>Respondents | Case No.: 2:26-cv-02356-JAD-DJA<br><br>**Order Granting Habeas Relief and Closing Case**<br><br>[ECF No. 16] |

Petitioner Norberto Lopez Meza is a Mexican citizen who has lived in the United States for more than two decades. He was taken into custody by Immigration and Customs Enforcement (ICE) officials in July 2026. He has been in ICE detention at the Nevada Southern Detention Center in Pahrump, Nevada, since then. Lopez Meza seeks a writ of habeas corpus, alleging that his due-process rights were violated because the immigration judge (IJ) made a constitutionally inadequate dangerousness determination, he received ineffective assistance of counsel, and he was not given an opportunity to be heard or present evidence. The government responds that Lopez Meza is mandatorily detained under 8 U.S.C. § 1231 because he's been issued a final removal order, that he failed to exhaust his administrative remedies, and that the IJ applied the appropriate legal standards in issuing a dangerousness finding.

The Ninth Circuit stayed Lopez Meza's removal order pending appeal, so he is still detained under 8 U.S.C. § 1226(a)'s discretionary-detention provision. Because Lopez Meza raises serious concerns about the constitutionality of his bond hearing and awaiting an appeal would cause irreparable harm, I waive the exhaustion requirement. I also find that the IJ abused his discretion by denying bond because he failed to consider the severity of Lopez Meza's misdemeanor convictions, ignored the lack of probative and specific evidence for his pending

driving-under-the-influence (DUI) charge, and didn't discuss the other factors relevant to his dangerousness. Lopez Meza hasn't received an opportunity to present evidence in support of his release, he's been detained for several months with no likelihood of resolution, and the bond hearing that he did not attend deprived him of his due-process rights. So I grant his petition and order his release.

## Background

Lopez Meza entered the United States with his brother more than 21 years ago under a visa for family members of green-card holders; his father legally resided in the United States with a green card.[1] His father succeeded in obtaining permanent residency for one of his sons.[2] But during Lopez Meza's senior year of high school his father passed away, leaving him as the other son without legal status in this country.[3] Lopez Meza nevertheless remained in Las Vegas, maintained employment, and raised his U.S. citizen children.[4] In 2011 and 2020, he sustained two misdemeanor DUI convictions.[5] This year, he was arrested for another DUI, which remains pending.[6]

ICE detained Lopez Meza after his release from the City of Las Vegas Detention Center and he received a bond hearing, but he wasn't brought in from the detention center for the hearing, so his counsel waived his presence and he wasn't able to present evidence in his favor.[7]

---

[1] ECF No. 16 at 3; ECF No. 16-3 at 3.

[2] ECF No. 16 at 3; ECF No. 16-3 at 4.

[3] ECF No. 16 at 3; ECF No. 16-3 at 4.

[4] ECF No. 16 at 3.

[5] *Id.* at 11; ECF No. 16-3 at 4.

[6] ECF No. 16 at 12; ECF No. 16-3 at 4.

[7] ECF No. 16 at 14; ECF No. 17 at 1:00–1:05.

While his counsel did offer exhibits and evidence in his favor, the IJ found that Lopez Meza posed a danger to the community because of his DUI misdemeanors.[8] Lopez Meza now moves for habeas relief, arguing that he wasn't able to appear or present evidence in his favor and that the IJ made a legally erroneous bond decision.

The government frames Lopez Meza's immigration and criminal history differently. It argues that he overstayed his visa by 19 years and has three arrests and two convictions for the same driving-under-the-influence offense.[9] It also argues that because the IJ ordered him removed to Mexico, and he did not appeal that order to the Board of Immigration Appeals (BIA), he is now mandatorily detained under 8 U.S.C. § 1231(a)'s 90-day removal period.[10] Even if the court reaches the merits of Lopez Meza's petition, the government avers, it should be denied because he didn't exhaust his administrative remedies and his hearing was constitutionally adequate.[11]

## Discussion

### A. This court has jurisdiction over Lopez Meza's claims.

The constitution makes a writ of habeas corpus "available to every individual detained in the United States."[12] That writ permits a person who is in custody to challenge the legality of his detention, and the court has the authority to release the petitioner if it determines that he is

---

[8] ECF No. 16 at 13; ECF No. 16-2 at 2 ("Two prior DUI convictions and now a third DUI arrest, the court finds that drunk driving or driving under the influence of alcohol (DUI) or drugs is an extremely dangerous crime, which creates a risk to the lives and property of the residents and citizens of the USA." (cleaned up)).

[9] ECF No. 19 at 1.

[10] *Id.* at 2.

[11] *Id.*

[12] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art 1, § 9, cl. 2).

illegally detained. The court's habeas jurisdiction encompasses a noncitizen's challenge to his detention under United States immigration laws.[13]

**B. Lopez Meza's need to exhaust administrative remedies is excused.**

On July 29, 2026, Lopez Meza sought a custody-redetermination hearing from an IJ on whether he should be released from detention while his removal proceedings were ongoing.[14] The IJ found that Lopez Meza was a "[d]anger to the community" based on "[t]wo prior DUI convictions and now a third DUI arrest" and denied bond.[15]

The government argues that Lopez Meza failed to exhaust his administrative remedies.[16] It concedes that exhaustion is prudential, not jurisdictional.[17] But it argues that exhaustion should not be excused here under *Puga v. Chertoff*, in which the Ninth Circuit held that courts may require exhaustion if the agency's expertise would better create a complete record for review, waiving exhaustion would encourage petitioners to bypass the administrative scheme, and the agency could correct its own mistakes through appeal.[18] The government contends that the BIA is the subject-matter expert in custody cases, waiving exhaustion encourages detainees to bypass the BIA appeal process, and the BIA could correct an IJ's factual and evidentiary errors.[19]

---

[13] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

[14] ECF No. 16 at 3.

[15] ECF No. 16-2 at 2.

[16] ECF No. 19 at 7–8.

[17] *Id.* at 7 (citing *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017), and *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)).

[18] *Id.*; *Puga*, 488 F.3d at 815.

[19] ECF No. 19 at 7–8.

Lopez Meza responds that waiting for the results of an administrative appeal would cause irreparable harm because he has been detained for more than three months as a result of an unconstitutional custody-redetermination hearing.[20] He also argues that the *Puga* factors do not support exhaustion because he presents legal questions that should be resolved by a federal court and he should not have to wait for the BIA to resolve a procedural-due-process issues.[21]

The Ninth Circuit has explained that "the exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."[22] While the government cites *Puga* for cases in which a court may require exhaustion, it fails to acknowledge that the Ninth Circuit has repeatedly held that "a court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'"[23]

I find that requiring Lopez Meza to exhaust administrative remedies would cause him irreparable injury. As discussed *infra*, the IJ failed to conduct a constitutionally adequate bond hearing by relying on insufficient evidence of dangerousness. Detention without a constitutionally adequate bond hearing is irreparable injury.[24] Under these circumstances, I find it appropriate to waive the prudential-exhaustion requirement because further irreparable injury would result from Lopez Meza's continued detention.

---

[20] ECF No. 20 at 6.

[21] *Id.* at 5–6.

[22] *Hernandez*, 872 F.3d at 988.

[23] *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

[24] *Id.* at 994–95 ("It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." (cleaned up) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)); *see Castillo v. Blanche et al.*, 2026 WL 2071063, at *3 (D. Nev. July 17, 2026).

**C. Lopez Meza remains detained under 8 U.S.C. § 1226(a), and he is thus not subject to mandatory detention.**

The government argues that because the IJ issued a final removal order, Lopez Meza is mandatorily detained under 8 U.S.C. § 1231(a)'s 90-day removal period.[25] Lopez Meza replies that he appealed his case to the Ninth Circuit, which granted him a temporary stay of removal on October 1, 2026.[26] The government's automated-case-information website also confirms that Lopez Meza filed a BIA appeal.[27]

"[W]hen a court of appeals issues a stay of removal pending its decision on a[] [noncitizen's] petition for review of his removal order, the removal period begins only after the court denies the petition and withdraws the stay of removal."[28] The Ninth Circuit stayed Lopez Meza's removal until it issues a ruling on his appeal.[29] So Lopez Meza is still detained under 8 U.S.C. § 1226(a) and not subject to mandatory detention.[30]

---

[25] ECF No. 19 at 5–7.

[26] ECF No. 20 at 3.

[27] Dep't of Homeland Sec., Automated Case Information System, https://acis.eoir.justice.gov/en/.

[28] *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008).

[29] *See* ECF No. 20 at 3; ECF Nos. 6–7, *Lopez-Meza v. Blanche*; Case No. 26-6424 ("Under General Order 6.4, a temporary stay of removal is in effect until further order of the court.").

[30] *Prieto-Romero*, 534 F.3d at 1062 ("Although § 1231(a) does not authorize the Attorney General to detain [noncitizens] such as [petitioner], the Attorney General still retains discretionary detention authority under § 1226(a), which permits detention 'pending a decision on whether the [noncitizen] is to be removed from the United States.'").

**D. The government failed to provide Lopez Meza with a constitutionally adequate bond hearing.**

Lopez Meza claims that his bond hearing was inadequate because the IJ's dangerousness decision was legally erroneous and failed to weigh the other factors supporting release on bond.[31] District courts review an IJ's custody determination for abuse of discretion.[32] Under this standard, the court cannot weigh evidence but can determine whether the IJ's decision reflects clear legal error or is unsupported by sufficient evidence.[33]

In *Matter of Guerra*, the BIA identified nine factors that an IJ may weigh when making a custody determination.[34] These factors include whether the petitioner has a fixed address, the length of his residence in the United States, his family ties, employment history, record of court appearance, criminal record and seriousness of offenses, history of immigration violations, attempts to flee authorities, and manner of entry to the United States.[35] An IJ has broad discretion to weigh these factors, but if the decisionmaker misstates the record or fails to mention highly probative or dispositive evidence, his decision may reflect an abuse of discretion.[36]

The IJ issued a dangerousness finding, explaining that Lopez Meza had "[t]wo prior DUI convictions and now a third DUI arrest."[37] But Lopez Meza contends that he improperly relied on these misdemeanors as dispositive without evaluating all of the circumstances relevant to

---

[31] ECF No. 16 at 8–10.

[32] *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024).

[33] *Id.* at 785; *Restrepo v. Noem*, 2026 WL 1047688, at *5 (C.D. Cal. Mar. 23, 2026).

[34] *Martinez*, 124 F.4th at 783 (citing *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).

[35] *Id.*

[36] *Id.*

[37] ECF No. 16-2 at 2.

determining dangerousness.[38] The convictions, he argues, were neither close in time nor severe and his 2026 charge has yet to be adjudicated.[39] He also argues that the IJ failed to consider any of the other mitigating *Guerra* factors in his decision, including his two decades spent living, working, and raising a family in the United States.[40]

The government responds that Lopez Meza's DUI convictions and pending DUI charge are the only factors the IJ needed to consider. It argues that if an IJ finds that a detainee poses a danger to the community, he does not need to consider other mitigating *Guerra* factors.[41] And it contends that the court does not have habeas jurisdiction because Lopez Meza is asking the court only to reweigh evidence presented to the IJ.[42] 8 U.S.C. § 1226(e), it argues, permits habeas challenges for constitutional inadequacy but bars review of discretionary detention judgments.[43]

Lopez Meza challenges the IJ's decisions as legally erroneous, so this court has jurisdiction under § 1226(e). And the government's arguments for why his bond hearing was constitutionally adequate are unavailing. The government contends that Lopez Meza's DUI convictions and pending charge should establish dangerousness per se, relying on two cases, both of which are distinguishable. In *Matter of Siniauskas*,[44] the BIA identified drunk driving as "an extremely dangerous crime" and denied bond for a petitioner with three DUI convictions in one year and another DUI arrest ten years later; two of the four arrests or convictions involved

---

[38] ECF No. 16 at 8.

[39] *Id.* at 9.

[40] *Id.*

[41] ECF No. 19 at 9.

[42] *Id.* at 8.

[43] *Id.* (citing *Singh v. Holder*, 638 F.3d 1196, 1202 (9th Cir. 2011)).

[44] *Matter of Siniauskas*, 27 I&N Dec. 207 (B.I.A. 2018).

car accidents.[45] The BIA acknowledged in *Siniauskas* that an IJ should consider both the nature of an offense and the specific circumstances surrounding the noncitizen's conduct.[46]

The IJ relied only on the Supreme Court's decision in *Begay v. United States*[47] to support his dangerousness finding here.[48] The government again cites to *Begay* now, arguing that "[t]he Supreme Court has likewise recognized that '[d]runk driving is an extremely dangerous crime.'"[49] In *Begay*, the High Court considered whether drunk driving should be classified as a "violent felony" under the Armed Career Criminal Act.[50] Begay had been convicted of 12 DUIs, three of which were felonies that created "a serious potential risk of physical injury to another."[51] While acknowledging the dangerousness of drunk driving, the Supreme Court concluded that it didn't meet the definition of "violent felony" in the statute at issue.[52]

I do not find that *Siniauskas* or *Begay* always requires a dangerousness finding for detainees with DUIs. While criminal history is the most important *Guerra* factor, an IJ must consider the extensiveness of the criminal history and the recency and seriousness of the offense.[53] And an IJ may consider pending charges or arrests, but there must be probative and

---

[45] *Id.* at 207–10.

[46] *Id.* at 208, 210 (finding the mitigating circumstances surrounding petitioner's recent DUI arrest unpersuasive).

[47] *Begay v. United States*, 553 U.S. 137 (2008).

[48] ECF No. 16-2 at 2.

[49] ECF No. 19 at 9 (quoting *Begay*, 553 U.S. at 141).

[50] *Begay*, 553 U.S. at 139.

[51] *Id.* at 140.

[52] *Id.* at 139, 141.

[53] *Martinez*, 124 F.4th at 783 (quoting *Guerra*, 24 I. & N. Dec. at 40).

specific evidence supporting the charge.[54] In *Hernandez v. Scott*,[55] the Western District of Washington found that a petitioner with two DUI convictions and one pending DUI charge, which did not cause an accident or injury, should not be subject to a dangerousness finding.[56] The court also considered that the petitioner had lived in the United States for three decades (since he was a child), and had a fixed address, U.S. citizen children, and years of employment.[57] The court ordered the petitioner's release, finding that the IJ had failed to apply the dangerousness standard to the specific facts before him because he issued his order on a "checkbox-form" that did not "reflect consideration of the *Guerra* factors or explain how they apply to [p]etitioner's circumstances."[58]

I find the *Hernandez* court's reasoning persuasive. Lopez Meza's two convictions were non-violent and spanned nearly a decade. Unlike in *Begay* and *Siniauskas*, nothing in the record shows that either DUI caused an accident or injury. The IJ did not discuss any probative or specific evidence regarding Lopez Meza's DUI arrest in the hearing or in his order, as is required for considering an arrest without a conviction.[59] Lopez Meza is unlike the petitioner in *Siniauskas*, who had three DUI convictions in one year and another pending DUI charge and unlike the petitioner in *Begay*, who had twelve DUI convictions, three of which were felonies. I recognize that the IJ's order here is different from that in *Hernandez* because he cited case law to conclude that Lopez Meza "violated this country's criminal laws and is a danger to the

---

[54] *Barrientos v. ICE Field Office Director*, 667 Fed. App'x 184, 184 (9th Cir. 2016) (citing *Guerra*, 24 I. & N. Dec. at 40).

[55] *Hernandez v. Scott*, 2026 WL 2814250 (W.D. Wash. Sept. 20, 2026).

[56] *Id.* at *2.

[57] *Id.*

[58] *Id.*

[59] *Barrientos*, 667 Fed. App'x at 184.

community,"[60] while in *Hernandez* the IJ wrote only that the petitioner "failed to establish that he is not a danger to the community or a flight risk."[61] But other district courts in this circuit have granted habeas petitions in situations like this one, finding that the IJ "improperly relied on blanket statements" from BIA precedent and failed to consider or discuss the distinguishing facts of the case.[62]

I am also unpersuaded by the government's argument that an IJ does not need to consider any of the eight-remaining *Guerra* factors in determining dangerousness. While criminal history is "most pertinent" to assessing dangerousness, the IJ's order here did not even discuss the other factors.[63] He listed only "criminal record, extensiveness of criminal activity, and whether he or she is a danger to the community" as the factors to consider from *Guerra*.[64] Lopez Meza's DUI convictions and pending charge should not foreclose consideration of his family ties, legal entry, and long-term employment. I am again persuaded by the *Hernandez* court's reasoning and find that the weight of the evidence here cannot be ignored. Lopez Meza has lived in Las Vegas for more than 21 years; he originally entered the country lawfully and failed to maintain lawful status because of his father's death. He has a permanent home, employment, and two U.S. citizen children.

The IJ had information about Lopez Meza's immigration history, his lawful United States entry, his children, and a potential path for lawful status but relied only on the DUI

---

[60] ECF No. 16-2.

[61] *Hernandez*, 2026 WL 2814250, at *2.

[62] *See, e.g.*, *Zhamagortsyan v. Warden, Adelanto ICE Processing Ctr. et al.*, 2026 WL 2876062, at *8 (C.D. Cal. Sept. 24, 2026); *Vasquez v. Warden, California City Immigr. Processing Ctr.*, 2026 WL 2676859, at *4 (E.D. Cal. Sept. 11, 2026).

[63] ECF No. 16-2 at 2.

[64] *Id.*

misdemeanors and *Begay* in issuing his decision.[65] He also cited Lopez Meza's letters of reference in the bond hearing but didn't discuss them or indicate that he'd reviewed them.[66] I find that the IJ abused his discretion and violated Lopez Meza's due-process rights by failing to consider the specific circumstances of his criminal history and declining to evaluate the other *Guerra* factors, so I grant his habeas petition. Because I find the IJ's decision legally erroneous regardless of Lopez Meza's presence at the hearing, I do not reach the parties' "ineffective assistance" Fifth Amendment arguments or other procedural-due-process contentions.

**E. Because Lopez Meza's bond hearing violated his due-process rights and he has been detained for more than three months without being able to present evidence in his favor, the court orders his immediate release.**

Courts have "a fair amount of flexibility" in deciding habeas relief.[67] After concluding that a bond hearing violated petitioner's due-process rights, courts have either ordered a constitutionally adequate hearing or release.[68] Because Lopez Meza's bond hearing violated his Fifth Amendment due-process rights, he has not been given an opportunity to appear at a hearing and present evidence in support of his release, and he has been detained for more than three months with a pending appeal and no likelihood of release any time soon, I find that the appropriate remedy is his immediate release from custody.

---

[65] *See* ECF No. 17 at 1:45–3:32 (discussing information on Lopez Meza's I-215 form).

[66] *Id.* at 3:40–3:4, 4:38–5:18 (foreclosing consideration of Lopez Meza's potential to pursue lawful status because of his misdemeanor convictions and arrest), 6:16–6:59.

[67] *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005).

[68] *See, e.g.*, *Ramirez-Anaya v. Mattos*, 2026 WL 1362540, at *6 (D. Nev. May 15, 2026); *Zhamagortsyan*, 2026 WL 2876062, at *8; *Gonzalez Reyes v. Rios*, 2026 WL 2190830, at *7 (C.D. Cal. July 28, 2026); *Hernandez*, 2026 WL 2814250, at *3.

## Conclusion

IT IS THEREFORE ORDERED that petitioner Norberto Lopez Meza's petition for a writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 16] is GRANTED**. **Lopez Meza must be released from detention within three days, subject to reasonable conditions of supervision to be imposed by Immigration and Customs Enforcement under 8 U.S.C. § 1226(a)(2). Imposition of those conditions must not impede Lopez Meza's timely release.**

IT IS FURTHER ORDERED that respondents must file and serve on petitioner's counsel:

(1) notice of the date, time, and location of Norberto Lopez Meza's release at least 24 hours before the release is set to occur, and

(2) within four days of this order, notice that Lopez Meza's release was effectuated.

IT IS FURTHER ORDERED that **the federal respondents are enjoined from re-detaining Norberto Lopez Meza absent clear-and-convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker that he is a flight risk or danger to the community such that his physical custody is legally justified.**

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

**The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

U.S. District Judge Jennifer A. Dorsey
November 10, 2026